UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN HENRY ORTLIEB,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF HENDERSON, et al.,<br><br>    Defendants. | 2:09-cv-2454-LDG-PAL<br><br>**<u>ORDER</u>** |

    Plaintiff John Henry Ortlieb brought this action against Defendants, City of Henderson, Henderson Police Department, officers Slattery and Russo, and various unidentified police officers, seeking compensatory and punitive damages based on alleged violations of Plaintiff's rights under federal and state law.[1] Plaintiff seeks relief based on six causes of action: violation of civil rights under 42 U.S.C. § 1983, municipal liability under § 1983, intentional infliction of emotional distress, false imprisonment, negligence, and negligent supervision and training. Defendants have filed a motion to dismiss Ortlieb's claims (#5, opposition #10, reply #13). For the reasons stated herein, the court grants Defendants' motion in part and denies in part.

**I. Background**

    Ortlieb alleges that at approximately 11:00 p.m. on December 31, 2007, numerous uniformed officers responded to an erroneous "shots fired" call at his residence. Compl. ¶ 19.

---

[1] The court subsequently dismissed Ortlieb's claims against Henderson Police Department (#11).

Ortlieb alleges that the officers entered his residence, detained him with physical force for an extended period of time, threatened him, seized property, and eventually arrested him. *Id.* ¶ 19, 28. Ortlieb further maintains that the officers committed each of the foregoing actions "wrongfully" and "without lawful justification." *Id.* Ortlieb bases his claims against Defendants on this allegedly wrongful conduct.

## II. Analysis

Defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether Ortlieb's Complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

Defendants argue that dismissal is proper because Ortlieb's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff may not bring a § 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [prior] conviction or sentence" unless the plaintiff demonstrates that his prior "conviction or sentence has already been invalidated." 512 U.S. at 487. But if the plaintiff's action, even if successful, "will *not*

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of any other bar." *Id.* (emphasis in original).  Here, Defendants urge the court to take judicial notice of Ortlieb's nolo contendere plea to two counts of breach of the peace under Nevada Revised Statutes § 203.010, allegedly arising from the same course of events described in Ortlieb's Complaint, and to dismiss Ortlieb's Complaint pursuant to *Heck*.  Thus, Defendants posit that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [prior] conviction or sentence [for two counts of breach of the peace]." *Heck*, 512 U.S. at 487.  The court, however, disagrees.  Even if the court were to take judicial notice of Ortlieb's plea, Defendants have not fully convinced the court that Ortlieb's success in this case would "necessarily imply the invalidity" of that plea. *See Jarboe v. County of Orange*, 293 Fed. App'x 520, 521 (9th Cir. 2008).  Defendants have not demonstrated that Ortlieb's success in this case requires him to "negate an element of the offense of which he has been convicted." *See Heck*, 512 U.S. at 486 n.6.  Furthermore, it is not possible to ascertain the factual circumstances surrounding Ortlieb's plea based on the documents currently proffered to the court for judicial notice. *See Jarboe*, 293 Fed. App'x at 521.  Therefore, although Defendants may reargue this issue in the context of a motion for summary judgment, the court is not currently convinced that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his [prior] conviction or sentence." *Heck*, 512 U.S. at 487.

Defendants also argue that dismissal is appropriate because Ortlieb's Complaint fails to state a claim under § 1983.  Ortlieb's first cause of action alleges that Defendants violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.  As Defendants correctly argue, Ortlieb has failed to state a claim under the Fifth or Fourteenth Amendments.  The Fifth Amendment applies only to federal actors, *see, e.g.*, *Schweiker v. Wilson*, 450 U.S. 221, 227 n.6 (1981), and Ortlieb has failed to state any separate claim under the due process or equal protection clauses of the Fourteenth Amendment, *see Lee v. City of Los Angeles*, 250 F.3d 668,

3

683-85, 686-87 (9th Cir. 2001). Ortlieb has failed to allege any post-arrest injury or even that he is a member of a protected class. As Defendants apparently concede, however, "the Fourth Amendment can stand as a basis, should one still exist, for analyzing any claims in this case." Defs.' Reply in Supp. of Their Mot. to Dismiss. 4, ECF No. 13. Therefore, although Ortlieb has failed to state a claim under the Fifth or Fourteenth Amendments, taking the pleadings in the light most favorable to Ortlieb, he has inarticulately stated a claim under the Fourth Amendment. Accordingly, Defendants' motion is granted as to Ortlieb's insufficient Fifth and Fourteenth Amendment claims, but denied as to all other points. The court will further entertain Defendants' discretionary immunity and punitive damages arguments, as appropriate, during subsequent stages of this action.

### III. Conclusion

For the reasons stated herein,

THE COURT HEREBY ORDERS that Defendants' motion to dismiss (ECF No. 5) is GRANTED as to Ortlieb's Fifth and Fourteenth Amendment claims and DENIED in all other respects.

Dated this \_\_\_\_ day of February, 2011.

_____
Lloyd D. George
United States District Judge

4